

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TODD STEPHENS | * | CIVIL ACTION **08-3790** |
| | * | |
| VERSUS | * | DOCKET NO.: |
| | * | **SECT. S MAG. 1** |
| NCO GROUP, INC., NCO FINANCIAL | * | SECTION: |
| SYSTEMS, INC., and OUTSOURCING | * | |
| SOLUTIONS, INC. | * | MAGISTRATE: |

*********************************************************************

## COMPLAINT

Plaintiff, Todd Stephens, appearing through undersigned counsel, respectfully represents:

### PARTIES

**1.**

Plaintiff, Todd Stephens ("Mr. Stephens"), is domiciled in and resides in the Parish of St. Tammany, State of Louisiana.

**2.**

Defendant, NCO Group, Inc., ("NCO Group"), is a business corporation, upon information and belief incorporated under the laws of Delaware and with its principal place of business in Pennsylvania.

1

Fee $350.
✓ Process ___
X Dktd ___
___ CtRmDep ___
___ Doc. No. ___

**3,**

Defendant, NCO Financial Systems, Inc. ("NCO Financial"), is a business corporation, upon information and belief incorporated under the laws of Pennsylvania and with its principal place of business in Pennsylvania.

**4.**

Defendant, Outsourcing Solutions, Inc. ("OSI"), is a business corporation, upon information and belief incorporated under the laws of Delaware and with its principal place of business in Missouri.

## JURISDICTION

**5.**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000.00.

## VENUE

**6.**

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

**7.**

In July 2007, Mr. Stephens was hired by OSI as Vice President - National Account Sales.

**8.**

Mr. Stephens's compensation with OSI included a set monthly base salary along with

commissions of one to six percent on sales for OSI attributed to Mr. Stephens.

**9.**

On or about January 28, 2008, Mr. Stephens successfully negotiated and was credited with securing a three (3) year contract for OSI with Western Union, which contract is expected to generate gross revenue of approximately $41 million from 2008 - 2010 (the "Western Union Contract").

**10.**

Under his employment agreement with OSI, Mr. Stephens's work on the Western Union Contract entitled him to receive yearly commissions of approximately $120,000 in 2008, $80,000 in 2009, and $40,000 in 2010. This reflects the standard structure-- the 6% commission to be paid on revenue generated from the contract first year, 2% commission for the second year, and 1% commission for the third year-- that OSI utilized as applied to the expected revenues that will be generated from the Western Union Contract.

**11.**

The standard arrangement also called for commissions to be paid upon receipt of payment from the client and OSI invoiced clients every thirty days, so that a salesman typically received his or her commissions within 60 days of billing to the client.

**12.**

On or about February 29, 2008, NCO Group acquired OSI.

**13.**

Defendants, through NCO Financial (an NCO subsidiary upon information and belief), offered Mr. Stephens a severance package, including only his accrued vacation and three weeks of his daily wages but omitting completely his earned commissions. Mr. Stephens refused to sign the

severance agreement until it reflected the commissions he earned on the Western Union Contract.

**14.**

Effective March 10, 2008, defendants terminated Mr. Stephens's employment, without his agreement on the severance offer.

**15.**

Upon information and belief, the Western Union Contract has gone "into production" meaning the defendants are performing for and generating revenue from Western Union pursuant to the Contract but are refusing to pay or recognize the obligation to pay the corresponding commissions to Mr. Stephens.

**16.**

Although defendants offered severance pay to Mr. Stephens based on his base salary and accrued vacation, defendants refused and have failed to pay him the commissions he earned on the Western Union Contract.

**17.**

On April 2, 2008 and again on May 15, 2008, Mr. Stephens made written demand on defendants for payment of the commissions he earned on the Western Union Contract.

**18.**

Despite amicable written demand, defendants have refused to pay Mr. Stephens the commissions to which he is entitled under his employment agreement, i.e. those based upon the revenue generated from the Western Union Contract.

## **CLAIM FOR RELIEF**

**19.**

Defendants' refusal to pay Mr. Stephens the amounts he earned on the Western Union Contract constitutes a breach of his employment agreement.

**20.**

Further, under Louisiana Revised Statute 23:631, upon discharging Mr. Stephens defendants were required to pay Mr. Stephens all amounts owed including commissions earned on or before the next regular payday, or no later than fifteen days following his discharge, whichever occurred first.

**21.**

Defendants failed to pay Mr. Stephens such amounts owed in accordance with La. R.S. 23:631.

**22.**

There is no good faith question as to whether defendants owe Mr. Stephens the commissions he earned prior to his termination.

**23.**

As a result, defendants are liable to Mr. Stephens for the full amount of compensation due him including his earned commissions, plus penalty wages, costs, and reasonable attorney's fees, all in accordance with La. R.S. 23:632.

**24.**

Plaintiff requests a jury trial for all claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that after due judicial proceedings are had, there be judgment herein in favor of plaintiff, Todd Stephens, and against defendants, NCO Group, Inc., NCO Financial Systems, Inc., and Outsourcing Solutions, Inc., as follows:

(1) For the full amount of commissions earned by Mr. Stephens on the Western Union Contract; or,

(2) Alternatively, for a monetary judgment for all amounts presently due and for an order of the specific performance of Mr. Stephens's employment agreement with OSI, including but not limited to, full payment of all commissions earned on the Western Union Contract as they become due; and,

(3) For penalty wages and reasonable attorney's fees in accordance with La. R.S. § 23:632;

(4) For interest on the above amounts from the applicable due dates until paid;

(5) For all costs of these proceedings; and

(6) For all other general and equitable relief to which plaintiff may be entitled in the premises.

Respectfully submitted,

_____
Robert E. Couhig Jr. (#4439)
Jonathan P. Lemann (#26380)
Jason Cavignac (#27990)

COUHIG PARTNERS, LLC
1150 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   (504) 588-1288
Facsimile:    (504) 588-9750

Attorneys for Plaintiff, Todd Stephens